UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILLIAM PAGAN,                                          :
                Plaintiff,                       :
                                                 :
v.                                                      :
                                                 :
COUNTY OF DUTCHESS; THE COUNTY OF                       :
DUTCHESS DEPARTMENT OF PUBLIC                           :    **OPINION AND ORDER**
WORKS; ROBERT BALKIND, individually and                 :
in his capacity as Commissioner of Dutchess             :    18 CV 1785 (VB)
County Highway Construction and Maintenance             :
Division; GARY COOPER, individually and in              :
his capacity as Director of Dutchess County             :
Highway Construction and Maintenance                    :
Division; PAUL ZONNENBERG, individually                 :
and in his capacity as Director of Dutchess             :
County Highway Construction and Maintenance             :
division; JOHN SAKOWICH, individually and               :
in his capacity as Dutchess County Road                 :
Maintenance Supervisor; and JACK "DOE," last            :
name presently unknown, individually and in his         :
capacity as Supervisor, at the Dutchess County          :
Highway Department,                                     :
                Defendants.                      :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff William Pagan brings this action under 42 U.S.C. §§ 1981, 1983, 1985(3); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(1); and New York Civil Service Law § 75-b. Plaintiff claims defendants Dutchess County (the "County"),[1] Robert Balkind, Gary Cooper, Paul Zonnenberg, John Sakowich,[2] and Jack "Doe" unlawfully harassed and discriminated against him when he was a probationary "Construction Equipment Operator I"

---

[1]     Plaintiff names the County's Department of Public Works as a defendant. Under New York law, agencies or departments of a county lack the capacity to be sued. See Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002). Therefore, all claims against the County's Department of Public Works are dismissed.

[2]     John Sakowich was sued incorrectly as "John Sackowitz."

in the County's Department of Public Works (the "Department") and then terminated him in retaliation for reporting his mistreatment.

Now pending is defendants' partial motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #20). Defendants do not move to dismiss plaintiff's Section 1983 hostile work environment claim against Sakowich,, or his NYSHRL claim against the County. (Doc. #22).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

Plaintiff is a natural-born American citizen of Puerto Rican and Nicaraguan descent. From March 21, 2016, through January 10, 2017, the County employed plaintiff as a probationary construction equipment operator. In that position, plaintiff was responsible for maintaining the County's roads, parks, and wooded areas by removing snow, repairing roads, and maintaining undeveloped outdoor spaces. The County hired plaintiff for a one-year probationary period with the expectation he would be hired as a permanent employee. He was terminated roughly nine months into the probationary period. During his employment, plaintiff alleges verbal harassment, discrimination in task allocation and training, and retaliation for reporting harassment.

I.      Verbal Harassment

Plaintiff alleges he was bullied, harassed, and subjected to a hostile work environment, because he was the Department's only Hispanic employee. According to plaintiff, his supervisors Sakowich, "Doe," and other unnamed coworkers referred to him using racial slurs.

According to plaintiff, the verbal harassment stemmed almost entirely from Sakowich. Plaintiff alleges Sakowich "degraded and ridiculed" plaintiff in front of his coworkers, including allegedly stating that plaintiff did not speak or understand English and that Hispanics "exploit the welfare system and should be deported." (Am. Compl. ¶¶ 19, 25). Plaintiff alleges Sakowich criticized plaintiff's job performance without cause, implying plaintiff did not work hard enough and stating his work was not satisfactory. Sakowich allegedly threatened to "make [plaintiff's] life a living hell" if plaintiff reported the harassment. (Id. ¶ 22).

II.     Discrimination in Tasks and Work Allocation

Plaintiff alleges his superiors discriminated against him by not including him in the overtime schedule for salting roads and removing snow like other employees. Instead, plaintiff was often given one-hour advance notice of a shift "unexpectedly and at random." (Am. Compl. ¶ 26). According to plaintiff, Sakowich "made clear" if plaintiff did not appear, he would be terminated. (Id.). Once, because of a family emergency, plaintiff did not appear for a snow removal shift. Balkind, the commissioner, reprimanded plaintiff for his failure to comply with Department orders. Plaintiff alleges he told Balkind about Sakowich's harassment but Balkind summarily dismissed plaintiff's concerns.

Plaintiff also alleges Sakowich and his coworkers discriminated against plaintiff by refusing to teach him how to operate the snow plow truck—a skill vital to performing his snow removal responsibilities. According to plaintiff, Sakowich was aware plaintiff did not know how

3

to operate the snow plow when he was hired, but regardless, Sakowich failed to train plaintiff and required him to operate the plow without training.

Moreover, plaintiff alleges he was forced to work under more dangerous conditions than his white coworkers, and often he was individually assigned tasks that normally required two employees. Specifically, plaintiff had to work blind curves without a lookout; drive near cliffs without a spotter monitoring the edge; and operate unsafe vehicles. Plaintiff alleges he was given hazardous assignments his white coworkers refused to do, including clearing poison ivy and working in wooded areas laden with ticks. Unaware of the danger of poison ivy and ticks and not warned to wear protective clothing, plaintiff developed a painful rash and a chronic, life-long tick-borne disease.

III. <u>Notification and Termination</u>

Despite Sakowich's threats, plaintiff alleges he reported Sakowich's harassment to Balkind and Zonnenberg.

Plaintiff claims he reported Sakowich's conduct to Balkind after plaintiff failed to appear for an unscheduled snow removal overtime assignment. Plaintiff alleges "[w]hile he was in Mr. Balkind's office Plaintiff took the opportunity to tell him about his mistreatment by Mr. Sakowich and the unfounded criticisms, but the only response he received was that 'If John [Sakowich] is saying you are not doing your job, I'm taking his word on that.'" (Am. Compl. ¶ 30). Plaintiff also alleges he reported his "problems with the snow plowing and lack of training and the constant harassment and mistreatment" to Zonnenberg, the assistant director, on three occasions. (Am. Compl. ¶ 35). According to plaintiff, "nothing was done to address the problems," despite his complaints about his "hostile and abusive" workplace environment to his superiors. (Am. Compl. ¶ 51).

4

In early January 2017, roughly nine months after plaintiff was hired, plaintiff received a letter of termination from Cooper and his employment ended on January 10, 2017. No reason was given for his termination.

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II. Abandoned Claims

Plaintiff's opposition does not address defendants' argument to dismiss his Section 1981 and 1985 claims. Accordingly, these claims are deemed abandoned and are dismissed. See

M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ., 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010) (collecting cases).

III. Section 1983 Claims Against Individual Defendants

"The Fourteenth Amendment provides public employees with the right to be 'free from discrimination.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) (quoting Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006)). "Consequently, public employees aggrieved by discrimination in the terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible persons acting under color of state law." Id. (citing Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122–23 (2d Cir. 2004)). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Id. at 87–88 (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)). "A state employee acting in his official capacity is acting under color of state law." Id. (internal quotation omitted).

A prima facie case of employment discrimination under Section 1983 requires plaintiff to demonstrate: "(1) he belonged to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Allen v. Murray-Lazarus, 463 F. App'x 14, 16 (2d Cir. 2012) (summary order) (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir.2003)).

Defendants do not dispute that plaintiff has alleged the first three elements. Defendants argue plaintiff failed plausibly to allege an inference of discriminatory intent based on a theory of hostile work environment and disparate treatment, because (i) plaintiff does not allege the

6

necessary personal involvement of supervisors Cooper, Balkind, and Zonnenberg, and (ii) he does not allege disparate treatment as compared to similarly situated white coworkers.

A. Personal Involvement

Defendants argue plaintiff fails adequately to allege the personal involvement of supervisors Cooper, Balkind, and Zonnenberg in the alleged constitutional violation. Defendants do not contest Sakowich's alleged personal involvement.

The Court agrees only as to Cooper.

"An individual may be held liable under . . . § 1983 only if that individual is 'personally involved in the alleged deprivation.'" Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015) (quoting Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d at 127).

A showing of personal involvement requires evidence:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d at 127 (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). In addition to fulfilling one of these requirements, "a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation" and "a supervisor's behavior constituted intentional discrimination on the basis of a protected characteristic." Littlejohn v. City of New York, 795 F.3d at 314 (quoting Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014)).

Plaintiff does not allege facts to suggest Cooper was personally involved in the alleged constitutional violation, and plaintiff's opposition does not address defendants' argument to the

7

contrary. Accordingly, plaintiff's claims against Cooper are dismissed. See M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ., 2010 WL 2985477, at *6.

As to Balkind and Zonnenberg, plaintiff does not allege they participated directly in the discriminatory conduct against him as nearly all of plaintiff's allegations involve Sakowich's words or conduct. However, although it is a close call, the Court finds plaintiff has adequately alleged Balkind and Zonnenberg's personal involvement, because they were "informed of the violation through a report or appeal, [and] failed to remedy the wrong." Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d at 127.

Plaintiff alleges he informed Balkind and Zonnenberg of Sakowich's "mistreatment" and harassment, respectively. Although the amended complaint is not entirely clear about whether plaintiff told Balkind the "mistreatment" was racially motivated (see Am. Comp. ¶ 30), plaintiff alleges he complained about a "hostile and abusive" workplace environment and "nothing was done to address the problems" (see Am. Compl. ¶ 51). Plaintiff also alleges he complained to Balkind and Zonnenberg of discrimination in work tasks and assignments, which "even if [task discrimination does] not independently constitute adverse employment actions," can "provide relevant background evidence." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d at 88.

Defendants request the Court disregard plaintiff's barebones allegations because he concedes in his New York General Municipal Law § 50–h testimony ("50–h testimony") that he did not report Sakowich's racial discrimination to Balkind or Zonneberg. Following the weight of precedent, the Court declines to consider this 50–h testimony in ruling on the Rule 12(b)(6)

8

motion. See Fontanez v. Skepple, 2013 WL 842600, at *3 (S.D.N.Y. Mar. 6, 2013), aff'd, 563 F. App'x 847 (2d Cir. 2014) (summary order).[3]

Accordingly, plaintiff plausibly alleges Balkind and Zonnenberg's personal involvement in the alleged constitutional violation, and therefore his Section 1983 hostile work environment claim may proceed against Balkind and Zonnenberg.

B.  Disparate Treatment

Defendants argue plaintiff fails state a claim for employment discrimination based on a theory of disparate treatment under the Fourteenth Amendment's Equal Protection Clause, because he did not plausibly plead similarly situated comparators were treated differently.

The Court agrees.

Plaintiff can raise an inference of discrimination "by showing that the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group." Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000) (citing Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977)). "At the pleading stage, allegations that the plaintiff and comparators worked in the same group and were accountable to the same supervisors, but were subjected to disparate treatment may be sufficient to raise an inference of discrimination." Pothen v. Stony Brook Univ., 211 F. Supp. 3d 486, 495 (E.D.N.Y. 2016). However, allegations of a "generic class of similarly situated white . . .

---

[3] Some courts have considered § 50–h testimony if (i) it is a matter of public record whose contents are "not subject to reasonable dispute," Fed. R. Evid. 201(b); (ii) plaintiff referred to the § 50–h hearing in his complaint; and (iii) plaintiff "has not disavowed in his opposition briefing any of his statements contained therein or otherwise challenged the accuracy of the transcript." Harley v. The City of New York, 2016 WL 552477, at *3 (E.D.N.Y. Feb. 10, 2016). In his opposition, however, plaintiff claims he did report Sakowich's racial harassment to Balkind or Zonnenberg, and any statement otherwise "is simply a blatant lie." (Doc. #24 at 9). Therefore, the Court will not consider plaintiff's § 50–h testimony but cautions plaintiff if he does not adduce evidence to substantiate his allegations, his claims will be dismissed.

employees that allegedly received better treatment is insufficient even at the pleadings stage." Whittle v. County of Sullivan, 2017 WL 5197154, at *7 (S.D.N.Y. Nov. 8, 2017) (quoting Goodine v. Suffolk Cty. Water Auth., 2017 WL 1232504, at *4 (E.D.N.Y. Mar. 31, 2017) (alterations omitted)).

Here, plaintiff identifies himself as the only Hispanic employee in the department and makes bald allegations that he was subjected to treatment and work assignments his white coworkers were not. He fails to allege any facts about these employees' identities, experience levels, or conduct.

Accordingly, plaintiff's disparate treatment claim must be dismissed.

IV. Section 1983 Claims Against the County

To the extent plaintiff seeks to sue the County for discrimination, retaliation, or hostile work environment under Section 1983, those claims also fail.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978) ("Monell"). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. To state a Monell claim, plaintiff need not allege the policy or custom itself is unconstitutional; rather, liability exists when a municipal policy is valid but the municipality's actual practice is not. Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 125–26 (2d Cir. 2004).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678,

10

(2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. September 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)). "In other words, boilerplate allegations will not suffice." Id. (quotation omitted). In sum, without more, "[t]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. City of Monroe, 351 F. App'x. 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100–02 (2d Cir. 1993)).

Here, plaintiff has not alleged that there existed a policy or custom of discrimination against Hispanic employees. Instead, the amended complaint only contains allegations related to the treatment of plaintiff individually.

As a result, plaintiff's Monell claim against the County must be dismissed.

V.   Retaliation Claim Against the County under New York State Civil Service Law § 75-b

Defendants argue plaintiff fails to state a claim for retaliation against the County pursuant to Civil Service Law § 75-b, because plaintiff did not disclose Sakowich's racial harassment to his coworkers or supervisors.

The Court disagrees.

To state a retaliation claim under Section 75-b, plaintiff must allege (i) an adverse personnel action; (ii) disclosure of information to a governmental body, among other things, regarding a violation of a law, rule, or regulation that endangers public health or safety; and (iii) a causal connection between the disclosure and the adverse personnel action. Krzesaj v. N.Y.C. Dep't of Educ., 2017 WL 1031278, at *11 (S.D.N.Y. Mar. 15, 2017).

11

As discussed, plaintiff alleges he reported the racial harassment to his supervisors Balkind and Zonnenberg, and therefore plaintiff plausibly alleges a retaliation claim against the County under Section 75-b.[4]

VI. NYSHRL Claim Against Balkind

Defendants argue plaintiff fails to state a claim against Balkind under the NYSHRL. The Court disagrees.

As relevant here, the NYSHRL prohibits an employer from discriminating against an individual on the basis of race, color, or national origin. N.Y. Exec. L. § 296(1)(a). A supervisor—that is, a person with the power to hire and fire plaintiff—may be held liable as an employer if he or she "actually participates in the conduct giving rise to the discrimination." Feingold v. New York, 366 F.3d at 157 (internal quotations and alterations omitted). Courts have found a supervisor's failure to take adequate remedial measures can rise to the level of "actual participation." See Lewis v. Triborough Bridge and Tunnel Auth., 77 F. Supp. 2d 376, 384 (S.D.N.Y. 1999); see also DeLisi v. Nat'l Ass'n of Prof'l Women, Inc., 48 F. Supp. 3d 492, 496 (E.D.N.Y. 2014).

Because plaintiff adequately alleges he informed Balkind of Sakowich's racial harassment and Balkind failed to act, plaintiff's NYSHRL claim against Balkind may proceed.

---

[4] It is unclear whether plaintiff also alleges his supervisor Balkind is liable under Section 75-b. If so, that claim must be dismissed, because a claim under Section 75-b cannot be maintained against an individual public employee. See Verdi v. City of New York, 306 F. Supp. 3d 532, 549 (S.D.N.Y. 2018).

12

VII. "Failure to Train" Claim

Plaintiff also alleges defendants' failure to train him to use the snow plow when he worked as a construction equipment operator violated plaintiff's constitutional rights and his statutory rights pursuant to Executive Law § 296(1-a)(b).

Defendants argue plaintiff has no constitutional or statutory right to the workplace training he says he was denied.

The Court agrees.

Section 296(1-a)(b) outlaws discrimination in connection with selection and acceptance into "apprentice training programs." Plaintiff has alleged no facts that his probationary status as a County construction equipment operator is considered an "apprentice training program." Nor does plaintiff provide any legal basis for which there is a constitutional right to workplace training. Employees denied on-the-job training because of a supervisor's or coworker's discriminatory animus already have an outlet for relief: they can bring an employment discrimination claim pursuant to Section 1983 or Title VII.

Accordingly, plaintiff's "failure to train" claim is dismissed.

VIII. Due Process Claims Against Balkind and the County

Defendants argue plaintiff fails to state a procedural or substantive due process claim under the Fourteenth Amendment.

The Court agrees.

The Due Process Clause of the Fourteenth Amendment prohibits a state actor from depriving a citizen of his life, liberty, or property without due process of law.

To prevail on a procedural due process claim, plaintiff must show he possessed a protected liberty or property interest and was deprived of that interest without due process. McMenemy v. City of Rochester, 241 F.3d 279, 285–86 (2d Cir. 2001). To succeed on a

substantive due process claim, plaintiff must show he had a valid property interest, and the City infringed on that property interest in an arbitrary or irrational manner. Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 503 (2d Cir. 2001). Both claims turn on a showing of a valid property interest. It is well-settled, however, that a probationary employee has no property interest in continued employment. Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006).

Therefore, plaintiff, a probationary employee, fails to state a due process claim, and his due process claims against Balkind and the County must be dismissed.

## CONCLUSION

Defendants' partial motion to dismiss the amended complaint is GRANTED IN PART and DENIED IN PART.

Plaintiff's surviving claims are: (i) hostile work environment against Balkind, Zonnenberg, and Sakowich pursuant to Section 1983; (ii) violation of N.Y. Executive Law § 296(1) against the County and Balkind; and (iii) violation of N.Y. Civil Service Law § 75-b against the County. All other claims and defendants are dismissed.

The Clerk is instructed to terminate the motion. (Doc. #20).

Defendants who have not yet answered shall do so by December 28, 2018.

Dated: December 14, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge